UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARKELL LAVELL HOGAN,

Plaintiff,

v. Case No. 26-CV-942

S. SCHMIDT and
T. BROWN,

Defendants.

---

# SCREENING ORDER

---

Plaintiff Markell LaVell Hogan, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On July 22, 2026, the Court screened and dismissed the original complaint for violating Federal Rules of Civil Procedure 18 and 20. (ECF No. 8.) The Court gave Plaintiff an opportunity to file an amended complaint that only contained related claims and defendants. Plaintiff has filed an amended complaint, and the Court will screen it pursuant to 28 U.S.C. § 1915A.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the amended complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

Plaintiff is a severely mentally ill inmate at Green Bay Correctional Institution. On March 20, 2025, Plaintiff was transported to the restrictive status housing unit to be placed into temporary lockup for sixty days for a major rule violation. The Wisconsin Department of Corrections has a policy that requires correctional staff to provide seriously mentally ill inmates in the restrictive status housing unit additional out-of-cell time for programming, activities, out-of-cell groups, and counseling. Because Plaintiff is a severely mentally ill inmate, he met with his psychological clinician, Hillary Berg, to be enrolled into a behavior management plan. Berg told Plaintiff that Dr. Brown would be Plaintiff's psychological clinician. (ECF No. 9 at 4.)

Dr. Brown failed to develop a client relationship with Plaintiff or start a mental health treatment plan. As a result, Plaintiff engaged in self-harm and self-mutualization behaviors, which turned Plaintiff's sixty-day stay in the restrictive status housing unit into over a one-year stay. On March 17, 2026, Plaintiff wrote to Psychological Services Supervisor Dr. Schmidt to address his mental health concerns. Dr. Schmidt told Plaintiff he would not discuss the conditions of employment of any psychological service unit staff or the reasons certain staff members were no longer working at the institution. Plaintiff asserts that Dr. Brown and Dr. Schmidt allowed his mental health to deteriorate because they did not take him out of his cell once a week for psychological check-ins or create psychological treatment plans. (*Id.* at 5.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that Dr. Brown and Dr. Schmidt allowed his mental health to deteriorate because they did not take him out of his cell once a week

for psychological check-ins or create psychological treatment plans for him while he was in the restrictive status housing unit.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. *Cesal v. Moats*, 851 F.3d 714, 720–21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To state a claim, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836–38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Based on the allegations contained in the amended complaint, Plaintiff may proceed on a deliberate indifference claim against Dr. Brown and Dr. Schmidt.

**IT IS THEREFORE ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dr. Brown and Dr. Schmidt.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dr. Brown and Dr. Schmidt shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on August 17, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge