UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARKELL LAVELL HOGAN,

Plaintiff,

v. Case No. 26-CV-942

DR. STEVEN SCHMIDT et al.,

Defendants.

---

**ORDER**

---

Plaintiff Markell LaVell Hogan is currently incarcerated at Green Bay Correctional Institution and representing himself in this 42 U.S.C. § 1983 action. He is proceeding on an Eighth Amendment deliberate indifference claim against Dr. Steven Schmidt and Dr. Tyler Brown. (ECF No. 10.) On September 21, 2026, the Wisconsin Department of Justice indicated that it would not accept service on behalf of Dr. Brown because he is employed by an agency called Cell Staff. (ECF No. 12.) As a result, the clerk's office transmitted a copy of the amended complaint, screening order, notice, waiver, and magistrate judge jurisdiction form to the United States Marshal Service for service upon Dr. Brown. (ECF No. 13.) This matter comes before the Court on Plaintiff's motion to use funds from his release account or a legal loan to pay the United States Marshal Service's service fee.

A plaintiff is responsible for funding his own litigation, including paying for costs related to service. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody after the completion of his sentence." *Wilson v. Anderson*, No.

14-cv-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). While the Court can order disbursement from the release account for payment of an initial partial filing fee, *see* 28 U.S.C. § 1915(b), the Court lacks the authority to permit a prisoner to use his release account to pay current or future litigation costs. Given the rationale for segregating funds into a release account, and absent federal statutory authority compelling such a result, the Court declines to order the United States Marshal Service's service fee to be paid from such an account.

The Court will also deny Plaintiff's request that the Court enter an order to allow him to use a prison legal loan to pay the service fee. The provision of legal loans pursuant to Wis. Admin. Code § DOC 309.51(1) "is a matter strictly between [a prisoner] and Wisconsin, and not any business of the federal courts." *Lindell*, 352 F.3d at 1111. "The court cannot override state policy and procedures on such matters." *McCalla v. Thompson*, No. 18-cv-1895, 2019 WL 3220551, at *2 (E.D. Wis. July 17, 2019).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to use funds from his release account or legal loan to pay the United States Marshal Service's service fee (ECF No. 14) is **DENIED**.

Dated at Green Bay, Wisconsin on September 29, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge